UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS ARIAS AREVALO,

      Petitioner,

v.

                             Case No.:  2:26-cv-00424-SPC-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER,

      Respondent.

## OPINION AND ORDER

Before the Court are Juan Carlos Arias Arevalo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Arias Arevalo is a native and citizen of Venezuela who entered the United States on January 12, 2025.  A Border Patrol officer issued a notice to appear and paroled him into the United States.  On December 5, 2025, Florida Highway Patrol arrested Arias Arevalo and handed him over to Border Patrol.  He is currently detained in Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Arias Arevalo.  The distinction matters because § 1225(b)(2)

mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Arias Arevalo asks the Court to order the respondent to either release him or provide a prompt individualized bond hearing.

The respondent argues (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondent acknowledges, the Court rejected his arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Arias Arevalo's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Arias Arevalo has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondent to either bring Arias Arevalo before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Arias Arevalo's counsel[2] must be given at least 48 hours' notice of the hearing, but only if they have entered their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a bond hearing that satisfies these requirements. But, to be clear, subjecting Arias Arevalo to mandatory detention under § 1225(b)(2) is unlawful. If Arias Arevalo does not receive a bond hearing that complies with this Order within ten days, the respondent must release him.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

[2] Arias Arevalo filed his habeas petition pro se, but the Court does not know whether he is represented by counsel in immigration court.

Accordingly, it is hereby

**ORDERED**:

Juan Carlos Arias Arevalo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondent shall either (1) bring Arias Arevalo for an individualized bond hearing before an immigration judge or (2) release Arias Arevalo under reasonable conditions of supervision.  If the respondent releases Arias Arevalo, must have access to a phone to arrange his transportation from the facility.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4